1

2
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

3

4
CHRISTOPHER C JOHNSON.,    )  Case No:

                            )

5
              Plaintiff,    )   **COMPLAINT**

              vs.           )

6
AMSHER COLLECTION SERVICES INC.  )   3:24-cv-05071-TMC

                            )

7
          Defendant.    )

                            )  Jury Trial: ☒ Yes  ☐ No

8

9

10

11

12
**INTRODUCTION**

13

14
   1. This is a civil action for actual, punitive, statutory damages and cost brought by

15
Christopher C. Johnson hereinafter, ("Plaintiff") an individual consumer, against defendants,

16
Amsher Collection Services Inc., hereinafter ("Defendant") for violations of the Fair Credit

17
Reporting Act, 15 U.S.C § 1681 et seq. (hereinafter "FCRA").

18

19
**BASIS OF JURISDICTION**

20
   2. Jurisdiction of this court arises under 15 U.S.C § 1681(p), and 28 U. S. C § 1331.

21
Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. §

1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff

claim occurred in this judicial district. Defendants transact business in Puyallup, WA.


3. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C.

§1367.


**PARTIES**


4. Plaintiff, Christopher C. Johnson is a natural person and consumer as defined by 15

U.S.C. § 1681a(c), residing in  Puyallup, WA.


5. Upon information and belief, Amsher Collection Services INC. is an Alabama

corporation.  Amsher Collection Services INC. accepts service of process through its registered

agent Corporation Service Company located at 300 Deschutes Way SW. STE 208, Tumwater,

WA, 98501.


6. The acts of Defendants as described in this Complaint were performed by Defendants

or on Defendant's behalf by its owners, officers, agents, and/or employees acting within the

scope of their actual or apparent authority. As such, all references to "Defendants" in this

Complaint shall mean Defendants or their owners, officers, agents, and/or employees.


**FACTUAL ALLEGATIONS**

*Existence of a Consumer Report*

7. On or about 3/1/2021, a consumer report pertaining to Plaintiff was generated and maintained by Transunion, a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) See Exhibit A.

### Defendant's Access to the Consumer Report

8. In the report the Plaintiff observed an unauthorized inquiry from Defendant.

9. Defendant accessed Plaintiff's consumer report from Transunion on 1/2/2020 See Exhibit A.

### Lack of Permissible Statutory Purpose

10. Defendant accessed Plaintiff's consumer report without a permissible purpose, as required by 15 U.S.C. § 1681b(f).

11. Discovery will show the plaintiff had no existing business relationship, contractual obligation, or any other transaction with Defendant that would allow for such an inquiry under 15 U.S.C. § 1681b(a)(3)(A) or any other provision.

12. Discovery will show that defendant was neither retained by a creditor with whom Plaintiff had initiated a transaction nor involved in any collection activities pertaining to a debt initiated by Plaintiff, thus failing to establish a permissible purpose for accessing Plaintiff's consumer report.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

13. Upon accessing Plaintiff's consumer report, Defendant did not take any follow-up actions, such as sending a collection notice, thereby indicating a lack of permissible purpose for the inquiry.

14. Discovery will show Plaintiff never initiated a consumer credit transaction with Defendant nor had an account with the defendant.

15. Discovery will show Plaintiff never gave any consent to Defendant to access his consumer report.

### *Requisite Mental State (Willfulness)*

16. Defendant was aware or should have been aware of their obligations under the FCRA to access consumer reports only for permissible purposes.

17. Discovery will show despite this knowledge, Defendant intentionally or recklessly disregarded their obligations under the FCRA and did not verify a purported debt or take other actions that would constitute a permissible purpose for accessing Plaintiff's consumer report.

18. Discovery will show Defendant violation was not isolated but part of a pattern or practice, as evidenced by multiple consumer complaints lodged against the company for similar unauthorized access to consumer reports further demonstrating willfulness.

1

*Damages*

2

3        19. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived

4  Plaintiff of his rights was directed by Defendant to Plaintiff specifically.

5        20. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered

6  emotional distress from the Defendants unauthorized access of his credit report.

7

8        21. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered an

9  invasion of his privacy. This intrusion into the Plaintiffs personal information has caused a

10  feeling of vulnerability, worry and anxiety which lead to sleeplessness and headaches.

11

12        22. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered fear

13  and anger over the invasion of his privacy.

14        23. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered loss

15  of time into research and learning to defend against the defendant's invasion of privacy.

16

17        24. Plaintiff's injury is directly traceable to defendant's conduct because if it weren't for

18  the defendant's conduct, Plaintiff would not have been deprived of his rights and would not have

19  been subject to the emotional distress, anxiety, worry and invasion of privacy caused by the

20  defendant's actions.

21        25. The deprivation of Plaintiff's rights will be redressed by a favorable decision

herein.

26. A favorable decision herein would redress Plaintiff's injury with money damages.

27. A favorable decision herein would serve to deter Defendant from further similar conduct.

## <u>COUNT 1 VIOLATION OF THE FAIR CREDIT REPORTING ACT</u><br><u>15 U.S.C § 1681b(f) DEFENDANT AMSHER COLLECTION SERVICES INC.</u>

28. All preceding paragraphs are realleged.

29. On or about  3/1/2021, a consumer report pertaining to Plaintiff was generated and maintained by Transunion, a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

30. Defendant  accessed Plaintiff's consumer report on or about  1/02/2020.

31. Defendant  accessed Plaintiff's consumer report without a permissible purpose as required by 15 U.S.C. § 1681b(f).

32. Plaintiff had no existing business relationship, contractual obligation, or any other transaction with Amsher Collection Services INC. that would allow for such an inquiry under 15 U.S.C. § 1681b(a)(3)(A) or any other provision.

33. Defendant was neither retained by a creditor with whom Plaintiff had initiated a transaction nor involved in any collection activities pertaining to a debt initiated by Plaintiff, thereby failing to establish a permissible purpose for accessing Plaintiff's consumer report.

34. Defendant was aware or should have been aware of their obligations under the FCRA to access consumer reports only for permissible purposes.

35. Despite this knowledge, Defendant intentionally or recklessly disregarded their obligations under the FCRA and did not verify the purported debt or take other actions that would constitute a permissible purpose for accessing Plaintiff's consumer report.

36. Defendant actions were not isolated but part of a pattern or practice, further demonstrating willfulness.

37. As a direct result of Defendant violation of 15 U.S.C § 1681b(f), Plaintiff has suffered actual damages of emotional distress, invasion of privacy, loss of time, court cost, is entitled to statutory damages, and punitive damages, as provided by 15 U.S.C § 1681n(a) and 1681o.

## COUNT II: INVASION OF PRIVACY (INTRUSION UPON SECLUSION) DEFENDANT AMSHER COLLECTION SERVICES INC.

38. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other

allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant is liable to Plaintiff for invading Plaintiff's privacy (intrusion upon seclusion). Defendant intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

39. Defendant invaded the privacy of the Plaintiff when they willfully accessed the Plaintiffs consumer report without a permissible purpose.

40. Plaintiff suffered actual damages of invasion of privacy as a result of the Defendants intrusion.

## JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff Christopher C. Johnson, respectfully demands a jury trial and request that judgment be entered in favor or the Plaintiff against the Defendants for:

(a) Actual damages, statutory damages, and potentially punitive damages for violations of 15 U.S.C § 1681b(f), as provided by 15 U.S.C §1681n(a) and 1681o.

(b) Actual damages for Invasion of Privacy (Intrusion upon Seclusion)

1

## CERTIFICATION AND CLOSING

2

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my
knowledge, information, and belief that this complaint: (1) is not being presented for an
improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the
cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for
extending, modifying, or reversing existing law; (3) the factual contentions have
evidentiary support or, if specifically so identified, will likely have evidentiary support
after a reasonable opportunity for further investigation or discovery; and (4) the
complaint otherwise complies with the requirements of Rule 11.
I agree to provide the Clerk's Office with any changes to my address where case-related
papers may be served. I understand that my failure to keep a current address on file with
the Clerk's Office may result in the dismissal of my case.

3

4

5

6

7

8

Date: 1-24-2028

9

10

Christopher C Johnson
5613 121st Street Court APT 1
Puyallup, WA 98373
cejay80@gmail.com

11

12

13

14

15

16

17

18

19

20

21

COMPLAINT FOR A CIVIL CASE - 9

EXHIBIT A

3/1/2021

901 MARQUETTE AVE
SUITE 3200
MINNEAPOLIS, MN 55402
(800) 319-4433
**Requested On:** 02/26/2021

**TRANSUNION INTERACTIVE**

100 CROSS STREET
SUITE 202
SAN LUIS OBISPO, CA 93401
(805) 782-8282
**Requested On:** 01/31/2021, 09/22/2020, 09/05/2020, 08/09/2020

**CREDITCARDS.COM**

9600 N MOPAC EXPY
SNIDGE PLAZA 2 SUITE 500
AUSTIN, TX 78759
(512) 996-8663
**Requested On:** 12/08/2020

**TRANSUNION INTERACTIVE**

100 CROSS STREET 202
SAN LUIS OBISPO, CA 93401
(800) 493-2392
**Requested On:** 12/01/2020, 10/26/2020

**FACTACT FREE DISCLOSURE**

P O BOX 1000
CHESTER, PA 19016
(800) 888-4213
**Requested On:** 11/06/2020

**CARVANA LLC**

1930 W RIO SALADO PKWY
TEMPE, AZ 85281
(800) 333-4554
**Requested On:** 10/05/2020

**CAPITAL ONE**

P.O. BOX 259407
PLANO, TX 75025
(800) 689-1789
**Requested On:** 09/30/2020

**CONTINENTAL FIN CO**

4550 NEW LINDEN HILL ROAD
4TH FLOOR STE 400
WILMINGTON, DE 19808
(866) 449-4514
**Requested On:** 09/22/2020

**NAVY FCU**

820 FOLLIN LANE
VIENNA, VA 22180
(888) 842-6328
**Requested On:** 09/06/2020

**CAPITAL ONE**

PO BOX 30281
SALT LAKE CITY, UT 84130
(800) 955-7070
**Requested On:** 09/05/2020, 02/07/2020

**TRANSUNION INTERACTIVE**

100 CROSS STREET
SUITE 202
SAN LUIS OBISPO, CA 93401
(805) 782-8282
**Requested On:** 08/13/2020

**LENDINGPOINT LLC**

1301 SHILOH RD NW
SUITE 130
KENNESAW, GA 30144
(713) 294-2940
**Requested On:** 05/29/2020

**AMSHER COLLECTIONS**

4524 SOUTHLAKE PARKWAY
SUITE 15
HOOVER, AL 35244
(800) 955-7632
**Requested On:** 01/02/2020

100 CROSS STREET 202
SAN LUIS OBISPO, CA 93401
(800) 493-2392
**Requested On:** 02/07/2021, 01/07/2021, 12/07/2020, 11/07/2020, 10/07/2020, 09/07/2020

**SYNCHRONY BANK**

PO BOX 628406
ORLANDO, FL 32862
(855) 411-4729
**Requested On:** 12/12/2020

**CAPITAL ONE**

15000 CAPITAL ONE DRIVE
US364412
RICHMOND, VA 23238
(800) 955-7070
**Requested On:** 12/01/2020, 09/05/2020, 02/07/2020

**LENDING CLUB NBT**

595 MARKET ST
STE 400
SAN FRANCISCO, CA 94105
(607) 337-6107
**Requested On:** 11/11/2020

**ALLY FINANCIAL**

200 RENAISSANCE CTR
DETROIT, MI 48265
(866) 710-4623
**Requested On:** 10/26/2020

**FISERVCHECKFREE CORP**

6000 PERIMETER DR
DUBLIN, OH 43017
(877) 347-8346
**Requested On:** 10/02/2020

**GENFS CARD**

PO BOX 4499
BEAVERTON, OR 97076
(866) 453-8636
**Requested On:** 09/23/2020, 08/09/2020

**TUCI - DC TARGETED**

100 CROSS STREET
SUITE 101
SAN LUIS OBISPO, CA 93401
(844) 580-6816
**Requested On:** 09/15/2020, 08/13/2020

**P1137717913E13117818 VIA CONSUMERINFO**

535 ANTON BLVD SUITE 100
COSTA MESA, CA 92626
(949) 567-3762
**Requested On:** 09/06/2020, 08/21/2020, 08/20/2020, 08/13/2020

**PROGREXION VIA PROGREXION ASG INC**

330 N CUTLER DRIVE
NORTH SALT LAKE, UT 84054
(888) 586-0184
**Requested On:** 09/05/2020

**FTSELF LENDER INC.**

101 W 6TH STREET
SUITE 517
AUSTIN, TX 78701
(877) 883-0999
**Requested On:** 08/09/2020

**WEBBANKAVANT LLC**

222 N LASALLE ST
SUITE 1600
CHICAGO, IL 60601
(800) 712-5407
**Requested On:** 05/29/2020

**TD AMERITRADE**

PO BOX 280
OMAHA, NE 68103
(800) 454-9272
**Requested On:** 07/18/2019

## Credit Report Messages

Your credit report contains the following messages.

**PROMOTIONAL OPT-OUT:** This file has been opted out of promotional lists supplied by TransUnion.
(Note: This opt-out has no expiration date.)