UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER C. JOHNSON,<br><br>      Plaintiff,<br>vs.<br><br>AMSHER COLLECTION SERVICES, INC.;<br><br>      Defendants. | Case No.: 3:24-cv-05071-TMC<br><br>DEFENDANT, AMSHER COLLECTION SERVICES, INC.'s OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES<br><br>Judge Tiffany Cartwright |

Defendant AmSher Collection Services, Inc. ("AmSher"), through counsel and pursuant to Fed. R. Civ. P. 12(f), submits this memorandum of law in opposition to the Motion to Strike Affirmative Defenses ("Motion to Strike") filed by pro se plaintiff, Christopher C. Johnson ("plaintiff").

**INTRODUCTION**

Plaintiff asserts claims under the Fair Credit Reporting Act ("FCRA") and the tort of Intrusion upon Seclusion based on single pertinent allegation, namely, that on or

Opposition to Motion to Strike, No. 3:24-cv-05071-TMC       SESSIONS, ISRAEL & SHARTLE, LLC
3838 N. Causeway Blvd. Suite 2800
Metairie, LA 70002
(504) 846-7932

1

about January 2, 2020, AmSher accessed his credit report without a "permissible purpose" under the FCRA.

AmSher timely answered the Complaint and asserted six affirmative defenses. Plaintiff asserts AmSher's fourth, fifth, and sixth defenses are "unfounded, immaterial, and, in part, scandalous, failing to present a legitimate legal or factual basis under the circumstances of this case." AmSher herein formally withdraws its fifth affirmative defense, which it believed to be accurate at the time of filing its Answer.

As to AmSher's fourth and sixth affirmative defenses, the Court should deny plaintiff's Motion to Strike because the defenses are applicable to plaintiff's claims and satisfy the "fair notice" standard set out by the Ninth Circuit Court of Appeals; and, in any event, plaintiff cannot demonstrate any unfair prejudice resulting from the defenses.

For these reasons, and as further explained below, the Court should deny plaintiff's Motion to Strike.

## **PROCEDURAL BACKGROUND**

On January 25, 2024, plaintiff filed his Complaint. Doc. 1. On January 26, 2024, the Court entered an Initial Scheduling Order. Doc. 6. On February 21, AmSher filed its Answer and Affirmative Defenses to the Complaint. Doc. 10.

On February 22, 2024, plaintiff filed his Motion to Strike. Doc. 11. On February 27, 2024, the noting date for the Motion was reset to March 15, 2024.

Opposition to Motion to Strike, No. 3:24-cv-05071-TMC

SESSIONS, ISRAEL & SHARTLE, LLC
3838 N. Causeway Blvd. Suite 2800
Metairie, LA 70002
(504) 846-7932

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading any insufficient defense[.]" Fed. R. Civ. P. 12(f). While a court generally has broad discretion when considering a motion to strike, striking a defense from a pleading is "generally disfavored because the motion[] may be used as [a] delay tactic[] and because of the strong policy favoring resolution on the merits." *White v. University of Washington*, 2023 WL 3582395, *2 (W.D. Wash. May 22, 2023) (*citing Chao Chen v. Geo Grp., Inc.,* 297 F. Supp. 3d 1130 (W.D. Wash. 2018); *see Reed v. Avis Budget Grp.*, 2009 WL 1299122, *1 (N.D. Cal. May 11, 2009) (noting motions to strike "constitute a drastic remedy").

Fed R. Civ. P. 8 governs the pleading of affirmative defenses: "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense...." Fed. R. Civ. P. 8(c)(1) (listing examples of affirmative defenses). Further, Rule 8(b) requires the defendant "to state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b).

The Ninth Circuit has affirmed that the "fair notice" standard applies to pleading affirmative defenses, which "only requires describing the defense in 'general terms.'" *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) (*quoting* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (3d ed. 1998)); *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010),

Opposition to Motion to Strike, No. 3:24-cv-05071-TMC          SESSIONS, ISRAEL & SHARTLE, LLC
                                                               3838 N. Causeway Blvd. Suite 2800
                                                               Metairie, LA 70002
                                                               (504) 846-7932

*overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

The bar for deeming an affirmative defense "insufficient" and subject to being struck under Rule 12 is high: the plaintiff must show that "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Kerzman v. NCH Corp.*, 2007 WL 765202, *7 (W.D. Wash. Mar. 9, 2007) (*quoting Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.,* 217 F.Supp.2d 1028 (C.D. Cal. 2002)); *see White*, 2023 WL 3582395 at *7 (denying motion to strike as to affirmative defenses of contributory fault and mitigation of damages). Further, even where a defense is technically deficient, a motion to strike should be denied when the movant fails "to show they will suffer any prejudice if the defenses are left in the defendant's Answer." *Murphy v. Trader Joe's*, 2017 WL 235193, *4 (N.D. Cal. Jan. 19, 2017) (*quoting Harris v. Chipotle Mexican Grill, Inc*., 303 F.R.D. 625 (E.D. Cal. 2014)).

Here, the affirmative defenses pled by AmSher provided plaintiff with fair notice and plaintiff has not demonstrated he will suffer any prejudice by the Court's refusing to strike the defenses.

> FOURTH AFFIRMATIVE DEFENSE: Assuming plaintiff suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

Mitigation of damages is an affirmative defense. *999 v. C.I.T. Corp*., 776 F.2d 866, 870 n.2 (9th Cir. 1985) (noting affirmative defense of mitigation of damages); *see*

Opposition to Motion to Strike, No. 3:24-cv-05071-TMC    SESSIONS, ISRAEL & SHARTLE, LLC
3838 N. Causeway Blvd. Suite 2800
Metairie, LA 70002
(504) 846-7932

4

*White*, 2023 WL 3582395 at *7  (denying motion to strike mitigation defense). Failure to plead the affirmative defense of mitigation of damages in the answer waives the defense. *Holscher v. Olson*, 2008 WL 2645484, *3 (E.D. Wash. June 30, 2008).

Plaintiff asserts he suffered damages caused by AmSher's accessing his credit report. AmSher disputes that plaintiff can establish that he suffered any legally-cognizable damages as a result of AmSher's conduct. However, in the event plaintiff can establishe he suffered any damages, AmSher's fourth affirmative defense gives notice that AmSher will defend that plaintiff failed to take reasonable steps to avoid or reduce his damages. AmSher must assert the affirmative defense to preserve it and has properly provided plaintiff notice of the defense under Rule 8(c). AmSher's asserting the defense does not require plaintiff to unreasonably engage in excess discovery, because any evidence regarding plaintiff's actual damages would be largely within his control and his burden to prove.

> FIFTH AFFIRMATIVE DEFENSE: Plaintiff lacks standing and/or should be collaterally estopped from asserting one or more claims because he failed to adequately disclose them in a prior bankruptcy.

Counsel for AmSher believed this defense to be accurate at the time AmSher filed its Answer. AmSher withdraws the defense. In the event the Court does not deem the defense withdrawn, AmSher moves for leave to file an amended Answer omitting the defense.

> SIXTH AFFIRMATIVE DEFENSE: One or more of plaintiff's claims is barred by the applicable statute of limitations.

Statute of limitations is an affirmative defense. Fed. R. Civ. P. 8(c)(1). Moreover, contrary to plaintiff's contention, his FCRA claim is governed by a two-year statute of limitations. *See* 15 U.S.C. § 1681p. 15 U.S.C. § 1681p provides that a consumer must file their FCRA action within the earlier of "(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." *Id.* Failure to file within two years of discovery of the violation is grounds for dismissal. *See Simmons v. TransUnion, LLC*, 2024 WL 249392 (D. Md. Jan. 23, 2024) (holding claims premised on wrongdoing more than two years before filing of Complaint were time-barred).

Here, plaintiff's claims are based on the allegation that AmSher "accessed Plaintiff's consumer report on or about 1/02/2020." Complaint at ¶ 30. Suit was filed on January 25, 2024—more than four years after the alleged violation. AmSher's assertion of the affirmative defense of statute of limitations is clearly supported by the factual allegations in the pleadings, and fairly puts plaintiff on notice of the defense.

## CONCLUSION

For the foregoing reasons, AmSher requests the Court deny plaintiff's Motion to Strike Affirmative Defenses; grant AmSher leave to file an amended answer omitting its fifth affirmative defense, which is hereby waived and withdrawn; and award AmSher any additional relief as the Court deems proper.

Dated: March 13, 2024  */s/ Nicolas M. Bell*
Nicolas M. Bell, Esq.

Opposition to Motion to Strike, No. 3:24-cv-05071-TMC          SESSIONS, ISRAEL & SHARTLE, LLC
3838 N. Causeway Blvd. Suite 2800
Metairie, LA 70002
(504) 846-7932

Sessions, Israel & Shartle
Lakeway Three, Suite 2800
3838 North Causeway Boulevard
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
nbell@sessions.legal

*Attorney for AmSher Collection Services, Inc.*
Opposition to Motion to Strike, No. 3:24-cv-05071-TMC

SESSIONS, ISRAEL & SHARTLE, LLC
3838 N. Causeway Blvd. Suite 2800
Metairie, LA 70002
(504) 846-7932

7